IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD LOCKLEAR,

        Plaintiff,                         No. 2:09-cv-2594-JFM (PC)

     vs.

DR. SCHWINER, et al.,

        Defendants.

_____/          <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson

v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        Plaintiff names eleven defendants in his complaint, including four doctors, two correctional sergeants, a correctional officer, a prison warden, and three other defendants.  Plaintiff alleges that two of the defendants had him removed from his prison job because they knew he was a mental health patient, and that when he complained to his doctor he was told there was nothing they could do.  The complaint does not contain any cognizable allegations against any of the named defendants except Correctional Officer Slorzano and Correctional Sergeants Clay and Orrick.[1]  The complaint states a cognizable claim for relief against these three defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  Accordingly, the court will make the necessary orders for service of process on these three defendants.  In addition, good cause appearing, the Clerk of the Court will be directed to send a copy of plaintiff's complaint to counsel for plaintiffs in Coleman v. Schwarzenegger, Case No. 2:90-cv-0520-LKK-JFM (PC).

        Plaintiff has filed a motion for the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

---

[1] Plaintiff does allege that "a clinician is allowed to reveal confidential information provided by a patient in therapy only in very narrow circumstances" and that "if this is the truth" the four named doctors have "misled" him.  Complaint, filed September 16, 2009, at 5.  These allegations, without more, are insufficient to state a cognizable claim for relief against the named doctors.

3

counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants:  Correctional Officer Slorzano; Correctional Sergeant Clay; and Correctional Sergeant Orrick.

4. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed September 16, 2009.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Four copies of the endorsed complaint filed September 16, 2009.

6. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. The Clerk of the Court is directed to send a copy of plaintiff's September 16, 2009 complaint and a copy of this order to Amy Whelan, Esq., Rosen, Bien & Galvan, LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104.

8. Plaintiff's September 16, 2009 motion for appointment of counsel is denied.

DATED: October 13, 2009.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12
lock2594.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD LOCKLEAR,

      Plaintiff,                      No. 2:09-2594-JFM (PC)

   vs.

DR. SCHWINER, et al.,            <u>NOTICE OF SUBMISSION</u>

      Defendants.             <u>OF DOCUMENTS</u>

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____    completed summons form

      _____    completed USM-285 forms

      _____    copies of the _____
                               Complaint

DATED:

                                              _____
                                              Plaintiff