1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  CLIFFORD LOCKLEAR,
11           Plaintiff,                    No. 2:09-cv-2594-JFM (PC)
12       vs.
13  DR. SCHWINER, et al.,                  ORDER AND
14           Defendants.                   FINDINGS & RECOMMENDATIONS
15  _____/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised against three defendants in plaintiff's original complaint, filed September 16, 2009. This matter is before the court on the motion of one of those defendants, Sergeant Clay, for dismissal pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). Defendant Clay contends that plaintiff failed to exhaust administrative remedies with respect to the claim raised against him as required by 42 U.S.C. § 1997e(a). On November 24, 2009, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

/////

1       "Section 1997e(a) of Title 42 of the United States Code provides:

2       No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

5 This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."

6 McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the

7 filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion

8 requirement during the course of an action. Id. at 1200. Claims dismissed for failure to exhaust

9 administrative remedies should be dismissed without prejudice. Id.

10       In Jones v. Bock, 549 U.S. 199, 218 (2007), the United States Supreme Court held

11 "that a prison's own grievance process, not [42 U.S.C. § 1997e(a)], determines how detailed a

12 grievance must be to satisfy" the statutory requirement. Griffin v. Arpaio, 557 F.3d 1117, 1120

13 (9th Cir. 2009). In Griffin, the United States Court of Appeals for the Ninth Circuit held that

14 "when a prison's grievance procedures are silent or incomplete as to factual specificity, 'a

15 grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'"

16 Id. at 1120 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). "The primary purpose

17 of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay

18 groundwork for litigation." Id.

19       California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

1 Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005).  Department regulations provide that the

2 "informal level is waived for a variety of grievances, including those concerning 'alleged

3 misconduct by a departmental peace officer.'  Cal. Code Regs. tit. 15, § 3084.5(a)(3)(G)."

4 Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009).

5        Plaintiff's complaint contains the following allegations.  Defendants C/O

6 Solorzano and Sgt. Orrick had plaintiff removed from his job assignment under false pretenses,

7 and for two days told plaintiff nothing because they knew he was a mental patient, knowing that

8 the circumstances would cause plaintiff to "blow up and hurt [him]self and others" and he cut his

9 wrists.  Complaint, filed September 16, 2009, at 4.  Plaintiff "begged" defendant Clay to take

10 plaintiff to "the hole" and told defendant Clay he was becoming psychotic, but defendant Clay

11 told plaintiff he didn't "give a damn about your psychotic."  Id.  Plaintiff alleges that "[t]his was

12 a coordinated effort with other staff to hurt" him, and that there was an "intentional failure to

13 intervene or attempt to stop misconduct by staff."  Id.

14        On January 15, 2009, plaintiff submitted an inmate grievance which contained the

15 following allegations:

16 > On the 15th or 16th December, I was told to pack my property I
> was to move to Bldg. 11.  I told my supervisor C/O Solorzano, I
17 > thought this was a mistake, it should also be noted that I am the
> leadman porter on 3rd watch in Bldg. 8.
18
> The next day I talked to Segt. Orrick, about the mistake[.]  She said
19 > it would be taken care of, then I was feeling a little paranoia, then I
> started trippin [sic] emotionally about what had happened to me, I
20 > could not take it anymore this is when I tryed [sic] to hurt myself.  I
> have not had a disciplinary write-up in ten years, this is a disregard
21 > for inmates rights as well as violation of federal law.

22 > Take Note Locklear is C.C.C.M.S.

23 Ex. B to Declaration of Santos Cervantes in Support of Defendant Clay's Motion to Dismiss,

24 filed March 17, 2010, at 4.  The grievance was bypassed at the informal level of review.  Id.  It

25 was denied at the first level of review and partially granted at the second level of review.  Id. at

26 3-4.  In his request for Director's Level Review of the grievance, plaintiff alleged:

> For 3 days know [sic] one told me anything, why I moved, nor did they tell other staff that I was mentally ill. This was retaliation on behalf of custody. This was intentional failure to intervene or attempt to stop misconduct before it got out of hand. [Undecipherable] it all kill me and they said going right ahead so I cut my wrist."

Id. at 3.[1]

The allegations of plaintiff's inmate grievance were not sufficient to alert prison officials to the nature of plaintiff's alleged problem with defendant Clay. Plaintiff gave no indication in the grievance that correctional staff other than defendant Solorzano and Orrick had been involved the events complained of and the allegations of the grievance do not suggest that he had told any member of the correctional staff other than those two that he was becoming psychotic or that he wanted to be taken to administrative segregation.

For the foregoing reasons, this court finds that plaintiff failed to exhaust administrative remedies with respect to his claim against defendant Clay prior to filing this action. Accordingly, defendant Clay's motion to dismiss should be granted and defendant Clay should be dismissed from this action.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign this action to a United States District Judge; and

IT IS HEREBY RECOMMENDED that:

1. Defendant Clay's March 17, 2010 motion to dismiss be granted; and

2. Defendant Clay be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[1] Plaintiff also added additional allegations in his request for Second Level Review, but those allegations are plainly unrelated to his claim against defendant Clay.

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2  objections shall be filed and served within fourteen days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: September 14, 2010.

UNITED STATES MAGISTRATE JUDGE

12
lock2594.mtd