IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD LOCKLEAR,

    Plaintiff,               No. 2:09-cv-2594-MCE-JFM (PC)

    vs.

DR. SCHWINER, et al.,

    Defendants.         FINDINGS & RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants Correctional Officer Solorzano and Correctional Sergeant Orrick violated his constitutional rights by having plaintiff removed from his job under false pretenses and acted intentionally to exacerbate plaintiff's mental illness so that he would hurt himself or others. This matter is before the court on the motion for defendants Orrick and Solorzano for summary judgment.[1]

/////

/////

---

[1] A third defendant, Sergeant Clay, was dismissed due to plaintiff's failure to exhaust administrative remedies with respect to his claim against said defendant prior to suit. See Findings and Recommendations filed September 14, 2010; Order filed October 20, 2010.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

/////

On November 24, 2009, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

ANALYSIS

I.  Facts

Plaintiff's complaint, filed September 16, 2009, contains the following allegations against defendants Solorzano and Orrick:

> C/O Solorzano and Sgt. Orrick had me removed from my job under false pretenses, and for 2 days told nothing because they knew I was a mental pateint [sic]. No classification and know [sic] appropriate reson [sic]....
>
> C/O Solorzano, Supv. Third Watch, did everything possible to hurt me, I was removed from my job and assignment. Him and Sgt. Orrick knew just what to do to have me blow up and hurt myself and others, so when they heart that I cut my wrists they had completed the mission....

Complaint, filed September 16, 2009, at 3-4.

An inmate grievance submitted by plaintiff to prison officials on January 15, 2009 demonstrates that the claims at bar arose from events on December 15 or 16, 2008, when plaintiff was told to pack his property for a move from Building #8 to Building #11 at California State Prison-Solano (CSP-Solano). At the time, plaintiff was working as a porter in Building 8.

In support of their motion, defendants have presented evidence that plaintiff was moved from Building #8 because of a cell door retrofit that was occurring in his building. See Declaration of C. Ferguson in Support of Defendants' Motion for Summary Judgment, filed November 18, 2010, at ¶ 3. Lt. Ferguson also avers that plaintiff was not removed from his porter assignment in Building #8 even after he was moved to another building. Id. Documents appended to the Ferguson Declaration show that plaintiff held the lead porter position in Building 8 from December 18, 2004 through December 23, 2008. See California State Prison-Solano,

1  Inmate Job Assignment, Inmate Assignment History, included in Ex. A to Ferguson Declaration.
2  Defendants have also presented evidence that neither of them had any authority to remove an
3  inmate from a job assignment, and that neither of them had plaintiff removed from his porter
4  position.  <u>See</u> Declaration of Cheryl Orrick in Support of Defendants' Motion for Summary
5  Judgment, filed November 18, 2010 (Orrick Declaration), at ¶¶ 4,5; Declaration of Aaron
6  Solorzano in Support of Defendants' Motion for Summary Judgment, filed November 18, 2010
7  (Solorzano Declaration), at ¶¶ 3,4.  Finally, defendants have presented evidence that neither of
8  them had or have "any knowledge concerning [plaintiff]'s mental health status."  Orrick
9  Declaration at ¶ 6; Solorzano Declaration at ¶ 5.

10  Although plaintiff opposes defendants' motion, he has not presented any evidence
11  with that opposition.  Plaintiff's complaint is signed under penalty of perjury and "may be
12  considered as an affidavit in opposition to summary judgment if it is based on personal
13  knowledge and sets forth specific facts admissible in evidence."  <u>Lopez v. Smith</u>, 203 F.3d 1122,
14  1132 n.14 (9th Cir. 2000).

15  II.  <u>Defendants' Motion</u>

16  Defendants seek summary judgment on the grounds that (1) they did not deprive
17  plaintiff of any constitutional right; and (2) there is no evidence that they were deliberately
18  indifferent to a substantial risk of harm to plaintiff.  In support of their motion, defendants
19  contend that plaintiff has no constitutional right to a job while in prison and, in any event, that
20  neither of them had any authority to remove plaintiff from his porter job and that plaintiff was
21  not removed from his porter job following his move from Building #8.  Defendants also contend
22  that they had no knowledge of plaintiff's mental health status and therefore would not have
23  known about possible impacts on plaintiff's mental health from the events at bar.

24  The evidence tendered by defendants in support of their motion for summary
25  judgment establishes that (1) plaintiff was moved from Building #8 due to a cell door retrofit
26  project; (2) plaintiff remained in his porter job for at least twelve days following the move; (3)

neither defendant had any authority to, nor did, remove plaintiff from his porter job; and (4) neither defendant had knowledge of plaintiff's mental health status or possible impacts of a building move on plaintiff's mental health.  The averments of plaintiff's complaint are insufficient to create a triable issue of material fact with respect to any of the foregoing facts.  Accordingly, this court finds that there is no evidence to support either of plaintiff's claims.  For that reason, defendants are entitled to summary judgment.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' November 18, 2010 motion for summary judgment be granted; and

2. Judgment be entered in this action in accordance with any order of the district court adopting these findings and recommendations and the October 20, 2010 order of the district court dismissing defendant Clay.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 6, 2011.

UNITED STATES MAGISTRATE JUDGE

12;lock2594.msj